CRUZ ESTHER RAMOS BÁEZ, apelada y recurrente, *v.* EDWIN BOSSOLO LÓPEZ y OTROS, apelados y recurridos.

*Número:* CC-97-218          *Resuelto:* 13 de junio de 1997

*José Alberto Moure Rodríguez*, de *Bufete Lcdo. Jesús M. Del Valle*, abogado de la parte recurrente.

PER CURIAM

(Regla 50)

## I

El 24 de noviembre de 1988, Cruz Esther Ramos Báez acudió a las facilidades de Express Emergency Care, Inc. localizadas en Caguas, Puerto Rico, para ser curada de unas quemaduras que había sufrido ese día en su casa, al explotar un horno de gas. Fue atendida allí por el Dr. Edwin Bossolo López, quien le diagnosticó una abrasión. Al día siguiente, Ramos acudió a la Sala de Emergencia del Ashford Presbyterian Community Hospital, donde le diagnosticaron quemaduras de segundo grado. Posteriormente, Ramos fue hospitalizada por espacio de dos semanas en el Hospital Auxilio Mutuo.

El 5 de julio de 1990, Ramos presentó una demanda de daños y perjuicios por impericia médica contra las partes recurridas, que fue contestada el 4 de octubre de 1990, y se procedió luego al descubrimiento de prueba.

El 4 de febrero de 1992, los demandados solicitaron una

sentencia sumaria que fúe denegada, luego de una vista, el 6 de octubre de 1992.

Posteriormente, el tribunal de instancia ordenó la paralización de los procedimientos en el caso de autos debido a que la aseguradora de los demandados, la Corporación Insular de Seguros, se encontraba en proceso de liquidación. Dicha paralización duró del 21 de diciembre de 1992 hasta el 21 de diciembre de 1993.

Concluida la paralización referida, se reanudaron los procedimientos. El 9 de agosto de 1995, durante una conferencia sobre el estado de los procedimientos ante el Tribunal Superior, Sala de Caguas, la representación legal de la demandante le informó al tribunal que su cliente estaba residiendo ahora en el estado de Connecticut y que estaba auscultando la posibilidad de desistir de su acción civil, para continuar con el caso en el tribunal federal. La representación legal de los demandados solicitó entonces que se le impusiera a la demandante una fianza de no residente.

Luego de varios trámites procesales, la cuestión de la fianza de no residente se pospuso hasta el 10 de mayo de 1996, cuando el foro de instancia celebró una conferencia con antelación al juicio. La representación legal de la demandante se había opuesto a que se fijase tal fianza. Había alegado que la demandante era una persona *sin medios económicos,* quien se había mudado a Connecticut precisamente para recibir los beneficios de asistencia social de ese estado, por lo que *no podía sufragar* la fianza en cuestión. Ello no obstante, y a pesar de que nuestra jurisprudencia claramente establece una excepción al requisito de fianza para los no residentes que no tienen capacidad económica para ello, si sus acciones son meritorias, el foro de instancia ese día ordenó a la parte demandante a prestar una fianza de no residente de $2,000.

Así las cosas, el 17 de septiembre de 1996, la aseguradora de los demandados, el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad

Profesional Médico-Hospitalaria (en adelante la SIMED), solicitó la desestimación de la demanda de Ramos. Alegó que había transcurrido el término de noventa (90) días que fija la Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para la consignación de la fianza de no residente sin que la parte demandante la hubiese prestado, por lo que procedía la desestimación de la acción. La demandante contestó y solicitó que se le permitiese desistir sin perjuicio de su acción.

El 23 de octubre de 1996, el tribunal de instancia dictó una sentencia de archivo por desistimiento. Inconforme con dicha sentencia, la SIMED apeló oportunamente ante el Tribunal de Circuito de Apelaciones. Alegó, en esencia, que el foro de instancia había abusado de su discreción al ordenar el desistimiento *sin perjuicio* de la acción de la demandante. Adujo que lo que procedía era la desestimación de dicha acción, por no haberse presentado la fianza de no residente dentro del término de noventa (90) días, o, en la alternativa, el desistimiento con perjuicio.

El foro apelativo dictó sentencia el 19 de marzo de 1997. Reconoció que el tribunal de instancia tenía discreción para conceder el desistimiento sin perjuicio o la desestimación del pleito. No determinó que dicho foro había abusado de su discreción. Resolvió, sin embargo, que como la parte demandada apelante había incurrido en gastos relacionados con el litigio, se le debía imponer a la demandante el pago de las costas y los honorarios de abogado, "como condición previa a decretar el desistimiento sin perjuicio". El foro apelativo modificó de ese modo la sentencia de instancia.

Inconforme con el referido dictamen, la parte demandante recurrió ante nos y adujo que el Tribunal de Circuito de Apelaciones había errado "al imponer el pago de honorarios de abogado sin que mediara una determinación previa de temeridad por parte del Tribunal de Primer Instancia".

Pasamos a resolver, conforme lo dispuesto en la Regla 50 de este Tribunal, 4 L.P.R.A. Ap. XXI-A.

## II

La Regla 39.1(b) de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, expresamente dispone que un tribunal de instancia puede permitir al demandante desistir de un pleito "bajo los términos y condiciones que éste estime procedente". Es evidente, pues, la discreción que tiene el foro sentenciador para conceder el desistimiento en cuestión, con la imposición de honorarios de abogado al demandante que solicita el desistimiento o sin ella.

Por otro lado, la Regla 44.1(d) de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, autoriza la imposición de honorarios de abogado "[e]n caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad". Reiteradamente hemos resuelto que la determinación de si procede la imposición de honorarios de abogado también descansa en la sana discreción del tribunal sentenciador. *Raoca Plumbing v. Trans World*, 114 D.P.R. 464 (1983); *Colondres Vélez v. Bayron Vélez*, 114 D.P.R. 833 (1983).

En el caso de autos, el foro sentenciador ordenó el desistimiento de la acción sin fijar como condición el pago de honorarios de abogado. Tampoco determinó que había mediado temeridad que justificase la imposición de tales honorarios. Ejerció, pues, la amplia discreción que tenía, tanto bajo la Regla 39.1(b), *supra*, como bajo la 44.1(d), *supra*, sobre el asunto que nos concierne aquí, sin fijar los honorarios en cuestión. La ausencia de un pronunciamiento sobre el particular nos obliga a presumir que el foro de instancia entendió que no se justificaba tal imposición o condición. *Montañez Cruz v. Metropolitan Cons. Corp.*, 87 D.P.R. 38, 40 (1962).

No podemos concluir que la actuación del foro de instan-

cia constituyó un abuso de su discreción. De los autos no surge que la parte demandante o sus abogados hubiesen actuado en este caso de forma terca y obstinada, en actitud desprovista de fundamentos, que justifica la imposición de honorarios. *Santos Bermúdez v. Texaco P.R., Inc.*, 123 D.P.R. 351, 356 (1989). Por ello, tiene razón el recurrente en que no procedía que se modificase la sentencia de instancia para imponer dichos honorarios, como lo hizo el foro apelativo.

*Se expedirá el auto solicitado y se dictará sentencia para modificar la del Tribunal de Circuito de Apelaciones, en cuanto decretó el pago de honorarios de abogado.*

El Juez Asociado Señor Hernández Denton concurrió sin opinión escrita. El Juez Asociado Señor Negrón García disintió sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino. El Juez Asociado Señor Corrada Del Río se inhibió.