Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La parte apelante Jesús M. Gregirene Hernández (en adelante, el joven Gregirene), Jesús M. Gregirene Delgado y Sonia E. Hernández Encarnación, acuden ante nos de una sentencia del Tribunal de Primera Instancia, Sala Superior de Carolina, el cual fijó una cuantía alegadamente baja para compensar los daños adjudicados a su favor.
*1158 Alega, en síntesis, la parte apelante que incidió el tribunal de instancia al fijar una cuantía “ridiculamente baja” para compensar los daños, sin celebrar una vista evidenciaría para adjudicar los mismos y al no imponer a la parte apelada el pago de honorarios de abogado por temeridad.
Considerado el recurso presentado y su oposición, se modifica la sentencia apelada, aumentando las cuantías adjudicadas por concepto de daños, se le impone a la parte apelada el pago de honorarios de abogado por temeridad y se confirma sobre los demás extremos. Veamos los fundamentos.
I
Los hechos que dan origen a la presente controversia, comenzaron el 5 de mayo de 2000, cuando los apelantes radicaron una demanda de daños y perjuicios contra Supermercado Amigo, Inc. (Amigo), la compañía de guardias de seguridad Executive Security Services, Inc. (Security), sus compañías de seguro ACE Insurance Co. (ACE) y Puerto Rico American Insurance, Inc. (PRAICO), respectivamente, y Juan Rodríguez, su esposa Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos. (Ap. I, págs. 1-3.) Alegaron los apelantes que el 27 de enero de 2000, mientras el joven Gregirene se encontraba visitando las facilidades del Supermercado Amigo, localizado en Río Grande Estates y luego de haber examinado unos carritos “Hot Wheels”, fue intervenido ilegalmente por un guardia de seguridad de nombre Juan Rodríguez, quien le requirió al menor que sacara todas las pertenencias del bolsillo. Los apelantes alegaron que la detención se hizo públicamente ocasionándole sufrimientos morales y angustias mentales, al verse el joven Gregirene detenido frente a todos los parroquianos que en ese momento se encontraban en Amigo.
El 31 de octubre de 2001, se le notificó por separado a Security y a Amigo un requerimiento de admisiones. (Ap. VI, págs. 13-17; Ap. VII, págs. 18-21.) El 31 de enero de 2002, el tribunal de instancia dictó una orden a solicitud de los apelantes, dando por admitido el requerimiento de admisiones, la cual incluía la alegación de negligencia. (Ap. VIII, pág. 22.)
La vista en su fondo fue celebrada el 15 de febrero de 2002. (Ap. X, págs. 41-45.) El tribunal de instancia dictó sentencia el 24 de abril de 2002, desestimando la demanda en todas sus partes por encontrar que no existía negligencia y ordenando su archivo con perjuicio. (Ap. XI, págs. 46-52.) La parte apelante radicó una petición ante este foro apelativo, para revisar la sentencia emitida por el tribunal de instancia. El 31 de enero de 2003, el entonces Tribunal de Circuito de Apelaciones dictó sentencia, la cual revocaba la dictada por el tribunal de instancia y devolvió el caso para la celebración de una vista en daños, pues al no haber contestado Amigo el requerimiento de admisiones, se daba por admitida la negligencia. (Ap. XIII, págs. 79-102.) Dicho dictamen advino final y firme, pues el Tribunal Supremo denegó un recurso de certiorari que se presentó sobre el mismo. (Ap. XV, págs. 117-118.)
El 31 de julio de 2003, se celebró la vista de daños y en la misma el tribunal de instancia ordenó que se sometiera la transcripción de la vista, para adjudicar los daños a base de una lectura de la transcripción del juicio y de un examen de la prueba documental. El 4 de agosto de 2003, la paite apelante sometió a requerimiento del tribunal de instancia, la transcripción de la vista en su fondo del 15 de febrero de 2002, a los fines de que el tribunal de instancia, por acuerdo de ambas partes, hiciera la determinación de los daños. (Ap. XVI, págs. 119-280.)
El tribunal de instancia dictó sentencia el 15 de octubre de 2003, estimando los daños sufridos por los apelantes, en las siguientes cuantías: Jesús M. Gregirene Hernández $3,000.00; Jesús M. Gregirene Delgado $1,000.00; y Sonia E. Hernández Encamación $1,000.00; no concedió cuantía en honorarios de abogado al no determinar temeridad.
Inconforme con la adjudicación de dichas cuantías, la parte apelante acude ante nos.
*1159 II
Expuestos los hechos, procedemos a exponer la norma jurídica aplicable.
A
La adjudicación de la cuantía de daños
La responsabilidad civil en daños y perjuicios es el deber de resarcir al damnificado, otorgándole un valor económico por el daño sufrido mediante la compensación. Es una especie de subrogación real donde la compensación económica crea una situación patrimonial equivalente a la destruida por el daño causado. Cintrón Adorno v. Gómez, 147 D.P.R. 576, 599-600 (1999); Pagán v. Shiley Caribbean, 122 D.P.R. 193, 205 (1988). El derecho a ser compensado no puede tener carácter punitivo, sino compensatorio. No se pueden conceder daños especulativos, pues la indemnización no se puede convertir en una industria en busca de ganancias. Agosto Vázquez v. F.W. Woolworth, 143 D.P.R. 76, 83 (1997); Odriozola v. Cosmetic Dist. Corp., 116 D.P.R. 485, 615 (1985).
En apelación no se intervendrá con la adjudicación de daños por el tribunal de instancia, a menos que “la cuantía concedida sea ridiculamente baja o exageradamente alta”. Es el tribunal de instancia quien está en mejor posición de tomar la decisión, por lo que el tribunal apelativo debe otorgarle deferencia a la adjudicación de daños realizada por el tribunal sentenciador. López Torres v. González Velázquez, opinión de 6 de junio de 2000, 2000 J.T.S. 90, pág. 1211; Rivera Rodríguez v. Tiendas Pitusa, 148 D.P.R. 695, 700 (1999). Ahora bien, se ha reconocido que un tribunal apelativo ocupa igual posición que el foro primario cuando su función se circunscribe en evaluar prueba documental y pericial. Chase Manhathan Bank v. Emmanueli Bauzá, 111 D.P.R. 708, 712 (1981); Cruz v. Centro Médico de P.R., 113 D.P.R. 719, 721 (1983). (Casos citados.)
Nuestro Tribunal Supremo ha señalado que, al momento de fijar los daños, aunque no hay dos casos exactamente iguales, se puede utilizar como guía o punto de partida la valoración que en casos similares se haya considerado como adecuada en el pasado. Toro Aponte v. E.L.A., 142 D.P.R. 464, 478 (1997); Rodríguez Cancel v. A.E.E., 116 D.P.R. 443, 452 (1985). En el caso Rivera Rodríguez v. Tiendas Pitusa, supra, del 1999, la demandante fue intervenida por un guardia de seguridad de las Tiendas Pitusa y luego fue entrevistada por el gerente, quien se cercioró que el artículo por el cual había sido intervenida había sido adquirido mediante compra por la demandante.
Según la relación de hechos contenida en dicho caso, el incidente provocó que la demandante Rivera se sintiera nerviosa, tuviera un período en que no podía dormir, se pasara llorando, pensativa, y no visitara las tiendas como antes, ya que pensaba le podía pasar algo igual. Con relación a su esposo, éste sufrió al ver a su esposa llorando y decaída el día de los hechos.
El Tribunal Supremo determinó como razonables las cuantías que habían sido concedidas a favor de la demandante Rivera en la cantidad de $7,000.00 y de $2,000.00 a favor de su esposo, tomando en consideración el aumento en el costo de vida al momento de concederse la compensación. Id.
B
Honorarios de abogado por temeridad
La Regla 44.1 de Procedimiento Civil dispone que cualquier parte que proceda con temeridad deberá pagar una suma en concepto de honorarios de abogado. 32 L.P.R.A. Ap. III. Montañez López v. Universidad de Puerto Rico, opinión de 21 de marzo de 2002, 2002 J.T.S. 40, pág. 857. Se define temeridad como aquella conducta que permita que se celebre o se prolongue un litigio innecesariamente o que obliga a otra parte a litigar por su contumacia u obstinación. Jarra Corporation v. Axxis Corporation, opinión de 30 de noviembre de 2001, 2001 J.T.S. 167, pág. 491.
*1160 La concesión de honorarios de abogado por temeridad depende de la sana discreción del tribunal sentenciador. Por lo tanto, el tribunal apelativo no debe modificarlo ante la ausencia de abuso del ejercicio de la discreción judicial. Montañez López v. Universidad de Puerto Rico, supra, pág. 858; Ramos Báez v. Bossolo López, 143 D.P.R. 567, 571-572 (1997).
III
Aplicación de la norma jurídica
Un análisis de los casos de detención ilegal que recoge nuestra jurisprudencia tiende a indicar, conforme a los hechos particulares de este caso, que la suma concedida tanto al joven Gregirene como a sus padres es una “ridiculamente baja”. En el caso de Rivera Rodríguez v. Tiendas Pitusa, supra, el Tribunal Supremo concedió la suma de $7,000.00 a la demandante y $2,000.00 a su esposo, y del mismo no surge que se presentó prueba pericial como se hizo en el caso ante nuestra consideración, para sustentar los daños emocionales que se causaron. El tribunal había estimado los daños causados y adjudicados tan sólo a base del testimonio de las partes, sin inclusive prueba pericial.
En el caso de autos surge que, como consecuencia del incidente ocurrido en el Supermercado Amigo, al joven Gregirene se le afectaron negativamente sus notas y su aprovechamiento escolar. Tan es así que los padres se vieron en la necesidad de acudir a buscar ayuda médica con un psicólogo y un psiquiatra para su hijo, donde fue finalmente evaluado y recibió tratamiento. De las declaraciones del doctor en psiquiatría Fernando Cabrera, surgió que el joven Gregirene presentaba síntomas leves de pánico, tales como palpitaciones, taquicardia, miedo, deseos de fobia y ansiedad.
En términos de la prognosis, el doctor Cabrera testificó que la condición del joven se podría extender por otro evento “estresante” en su vida y que dicha condición podía ser el resultado de los hechos ocurridos en el Supermercado Amigo, donde dicho joven fue detenido ilegalmente por un adulto que trabajaba como guardia de seguridad. Esta situación le había provocado al joven Gregirene síntomas de no querer ir a las tiendas, estar paranoide y sentir que lo iban a arrestar nuevamente, entre otros. De su testimonio surgió que el joven Gregirene visitó inclusive las oficinas del doctor De La Luz Quiles en dos ocasiones, quien lo trató y medicó.
El doctor Cabrera prestó testimonio en cuanto a la evaluación psicológica a que fue sometido el joven Gregirene por la psicóloga de su escuela. El referido informe, según el doctor Cabrera, reflejó que el menor presentaba problemas de conducta al estar muy irritado, de mal humor, intranquilo, con problemas académicos al extremo de haber bajado las notas. Igualmente, dicho informe reflejó que el joven Gregirene no se podía concentrar en la escuela, no dormía bien y manifestaba enojo por razón de dicho evento. El doctor Cabrera atestiguó que el joven Gregirene fue recetado con Zoloff, medicamento que se utiliza para ansiedad, depresión y para combatir el desorden obsesivo compulsivo. Dicho medicamento fue tomado por el joven Gregirene por espacio de un mes.
La madre del menor, Sonia E. Encamación, testificó que el incidente a c¡ue fue sometido su hijo le ocasionó intensos sufrimientos y angustias, al ver la conducta de ansiedad e intranquilidad que éste mostraba, la cual requirió de ayuda profesional médica. El padre del menor atestiguó que se sentía muy mal por lo ocurrido, ya que había criado a su hijo de manera que respetara lo ajeno. Este se vio afectado al ver que su hijo había bajado las notas en la escuela y había cambiado su conducta.
De la transcripción de la vista, sometida conjuntamente por las partes, surgía claramente la existencia de los daños sufridos por los apelantes a raíz del incidente ocurrido en el Supermercado Amigo.
Ahora bien, la cuantía adjudicada por el tribunal de instancia no guarda proporción a los daños causados, por lo cual procedemos a modificarla aumentando las mismas conforme a la prueba presentada, las *1161 circunstancias particulares del caso y el costo de vida. Resolvemos que proceden concederse las siguientes cuantías en daños: Jesús M. Gregirene Hernández la cantidad de $8,000.00; Jesús M. Gregirene Delgado en $3,000.00; y Sonia E. Hernández Encarnación por la suma de $3,000.00 dólares.
En cuanto a la imposición de honorarios de abogado por temeridad, disponemos que la parte apelada fue temeraria al obligar a celebrar un litigio, habiendo admitido negligencia al no contestar el requerimiento de admisiones, provisto por la parte apelante. Por todo lo cual, se ordena a la parte apelada al pago de $2,500.00 en concepto de honorarios de abogado por temeridad.
IV
Por los anteriores fundamentos, se modifica la sentencia apelada dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, aumentando las cuantías concedidas en daños a Jesús M. Gregirene Hernández en $8,000.00; Jesús M. Gregirene Delgado a $3,000.00; Sonia E. Hernández Encamación por la suma de $3,000.00; y $2,500.00 en concepto de honorarios de abogado, según lo antes expresado, y se confirma sobre los demás extremos.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General