*426 TEXTO COMPLETO DE LA SENTENCIA
La adjudicación del presente caso nos obliga a enfrentar varias controversias relacionadas a las funciones y propósitos de una agencia administrativa, las circunstancias en que ésta debe aceptar una solicitud de desistimiento y la consideración que debe brindarse al reclamo de los ciudadanos que, por disposición de ley, son notificados de un trámite administrativo para que comparezcan ante la agencia a expresar su posición. La contestación a estas interrogantes requiere que nos apartemos de normas generales que, al aplicarse en circunstancias particulares, producirían resultados injustos y contrarios a la razón de ser de una agencia administrativa.
I
El Ledo. Enrique Godinez Morales presentó ante la Junta de Planificación una "Solicitud de Enmienda al Mapa de Zonificación" (Caso 2003-17-0521-JPZ), en la cual solicitó la rezonificación de un Distrito Residencial Uno (R-l) a un Distrito Comercial de Oficina Uno (CO-1) el 28 de mayo de 2003. Véase Apéndice, pág. 1. El propósito del Ledo. Godinez Morales era establecer una oficina de abogado en un predio ubicado en la Urbanización Ibernia del Municipio de San Juan.
La Junta de Planificación celebró la correspondiente vista administrativa el 21 de noviembre de 2003. La Asociación de Residentes del Pilar, Villas del Pilar, Romany, Romany Park e Ibernia, Inc. (en adelante la Asociación de Residentes) compareció y se opuso a la petición del Ledo. Godinez Morales. La Asociación de Residentes alegó que el predio del recurrido se encontraba en un área residencial que no colindaba con ningún distrito comercial y que el negocio propuesto no beneficiaba a la comunidad en donde ubicaría. Argüyó, además, que el predio del Ledo. Godinez Morales, contrario a lo alegado por éste, no tenía entrada y salida pol-la marginal de la Avenida Lomas Verdes. Señaló la Asociación de Residentes que el predio no colindaba con dicha marginal y que, para hacer un acceso, el Ledo. Godinez Morales había invadido terrenos de la Autoridad de Carreteras.
El 4 de diciembre de 2003, mediante una carta dirigida a la Junta de Planificación, el Municipio de San Juan (en adelante el Municipio), por voz del Director de la Oficina de Planificación y Ordenación Territorial, también expresó su oposición a la rezonificación solicitada. Véase Apéndice, pág. 51. Entre otras cosas, señaló el Municipio que el Ledo. Godinez Morales había construido un acceso por la marginal de la Avenida Lomas Verdes, había realizado "cambios sustanciales a la estructura cambiando la fachada de la misma de manera que diera a hacia (sic) la marginal" y había ubicado "un área de estacionamiento en lo que anteriormente constituía el patio posterior". Finalmente, el Municipio indicó que no autorizaría "ninguna intervención sobre las aceras para crear rampas de acceso, eliminación de áreas de siembra y áreas verdes". Véase Apéndice, pág. 51.
La Junta de Planificación se reunió y acordó denegar la petición del recurrido el 26 de enero de 2004. Véase Apéndice, pág. 84. El documento que contiene el referido acuerdo expresa como razón para denegar lo siguiente:
*427 "Area predominantemente residencial y no ha demostrado que el acceso propuesto tiene el endoso de la Autoridad de Carreteras". Véase Apéndice, pág. 84.
Por razones inexplicadas, la Junta de Planificación no emitió resolución alguna con relación a ese acuerdo. Tampoco notificó el acuerdo al peticionario, a los vecinos ni a la Asociación de Residentes opositores. 
Transcurridos ocho meses desde que la Junta de Planificación tomara el acuerdo no notificado, el 8 de septiembre de 2004, el Ledo. Godinez Morales presentó una moción en la que reconoce que la solicitud de rezonificación fue sometida a vistas públicas, que se encuentra ante la consideración de la Junta de Planificación y sin exphear razón o motivo alguno informa que es su interés "desistir sin perjuicio" de la solicitud. Véase Apéndice, pág. 158. La Asociación de Residentes presentó su oposición a la sobeitud de desistimiento el 20 de septiembre de 2004. La Asociación de Residentes alegó que el mismo día que los vecinos fueron notificados de la moción de desistimiento, el Ledo. Víctor Rivera Pagán, en representación del Ledo. Godinez Morales, les envió una carta mediante la cual les comunicaba que nuevamente había solicitado a la Junta de Planificación la rezonificación del mismo predio de terreno. Alegaron, además, que en el área donde ubica la propiedad no había ocurrido ningún cambio sustancial que ameritara una nueva solicitud. Véase Apéndice, págs. 160-163. En su oposición, la Asociación de Residentes sostuvo que la actuación del peticionario procuraba evitar que se le aplicara la Sección 7.02 (f) (6) del Reglamento de Ordenación Territorial del Municipio de San Juan (adoptado por la Junta de Planificación el 9 de octubre de 2002 y vigente al 13 de marzo de 2003) que establece lo siguiente: "Otras Disposiciones... Cuando se trate de una solicitud de enmienda a una pertenencia para la cual se había denegado anteriormente una solicitud, no se podrá radicar una nueva petición por un término de cinco años en la cual se incluya esta propiedad". Alegaron, además, que el desistimiento pretendía evitar la adjudicación de un caso que fue investigado, sometido a vistas públicas y que estaba listo para decisión. En ese momento, la Asociación de Residentes no conocía el acuerdo de la Junta de Planificación que denegaba la solicitud del Ledo. Godinez Morales, pues no le había sido notificado.
Paralelamente, el 14 de septiembre de 2004, la Junta de Planificación había emitido una resolución (antes de recibir la oposición) —notificada el 13 de octubre de 2004— en la cual resolvió archivar la solicitud de rezonificación "a petición del proponente". Véase Apéndice, pág. 166. La Asociación de Residentes presentó una "Moción de Reconsideración". Apéndice, págs. 168-173.
El Ledo. Godinez Morales, el 8 de septiembre de 2004, ■ — el mismo día en el que presentó su “Moción de Desistimiento Sin Perjuicio” — , presentó otra petición de rezonificación sobre el mismo asunto ante la Junta de Planificación (Caso. 2004-17-0789-JPZ). La nueva solicitud de rezonificación es esencialmente igual a la desistida: se solicitó un cambio de zonificación de R-l a CO-1 con el objetivo de establecer una oficina en el mismo predio ubicado en la Urbanización Ibernia del Municipio de San Juan. Véase Apéndice, págs. 180-183 y Oposición, pág. 8. La Junta de Planificación pautó una audiencia para considerar la nueva sobeitud para el 23 de noviembre de 2004.
La Junta de Planificación mantuvo su decisión de aceptar el desistimiento sin perjuicio presentado por el Ledo Godinez Morales. Por estar en desacuerdo con tal determinación, la Asociación de Residentes presentó la revisión ante nuestra consideración. En síntesis, señalan que la Junta de Planificación erró al no notificar su acuerdo en el que denegó la sobeitud de rezonificación de 26 de enero de 2004, al archivar sin perjuicio la petición del Ledo. Godinez Morales formulada ocho meses después de adjudicado el caso, al emitir la resolución de 20 de agosto de 2004 relacionada con otro predio adquirido de la Autoridad de Carreteras y al no notificar esa última resolución a todas las partes interesadas.
La Asociación de Residentes compareció ante nos el 16 de noviembre de 2004 y solicitó la paralización de los procesos relacionados con la nueva petición. La sobeitud de paralización fue concedida el 22 de noviembre de 2004.
*428 El recurrido se opuso a la revisión solicitada el 21 de enero de 2005. La Junta de Planificación compareció el 15 de marzo de 2005 y solicitó la desestimación del recurso. La Junta reconoce que había acordado denegar la petición de rezonificación en controversia el 26 de enero de 2004, pero reclama que al aceptar el desistimiento y decretar el archivo del caso el 14 de septiembre de 2004, actuó en el ejercicio de su función cuasi legislativa, la cual no está sujeta a revisión judicial. La comparecencia de la Junta de Planificación aclara que su Presidente no participó en el acuerdo, pero "firmó la resolución para la notificación de la misma". La Junta de Planificación no explica porqué tardó ocho meses sin notificar oficialmente el acuerdo logrado de denegar la rezonificación solicitada.
Tampoco explica la Junta de Planificación qué justificación puede haber para, luego de realizar un proceso de investigación, audiencias, estudios periciales y habiendo alcanzado un acuerdo, aceptan un desistimiento de la parte promovente y, el mismo día, aceptan iniciar el mismo trámite de rezonificación sobre la misma propiedad, como si nada hubiese ocurrido.
II
El Tribunal Supremo ha resuelto que las decisiones de una agencia administrativa deben, generalmente, ser acreedoras de deferencia y gran consideración y respeto. Otero Mercado, et al. v. Toyota, 163 D.P.R. _ (2005), 2005 J.T.S. 13; Misión Ind. P.R. v. J.C.A., 145 D.P.R. 908, 929 (1998); Fuertes y otros v. A.R.P.E, 134 D.P.R. 947, 953 (1993); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
La norma de deferencia judicial cede cuando el foro administrativo ha errado al aplicar la ley, o cuando la determinación de la agencia resulta irrazonable o conduce a la comisión de injusticias. Costa, Piovanetti v. Caguas Expressway, 149 D.P.R. 881 (2000), pág. 889; Com. Seg. P.R. v. Antilles Ins. Co., 145 D.P.R. 226, 233 (1998); Calderón v. Adm. Sistemas de Retiro, 129 D.P.R. 1020, 1042 (1992). La revisión judicial de las decisiones administrativas se limita, entonces, a determinar si la agencia ha actuado de manera arbitraria o ilegal; o de forma tan irrazonable, que su actuación constituya un abuso de discreción. Mun. de San Juan v. J.C. A., 149 D.P.R. 263, 280 (1999); Franco v. Dpto. de Educación, 148 D.P.R. 703, 709 (1999).
La Ley de Procedimiento Administrativo Uniforme, Ley 170 de 12 de agosto de 1988, 3. L.P.R.A. see. 2101 et seq., no contiene disposición alguna que regule el derecho a desistir en un procedimiento administrativo. Ni la Junta de Planificación ni las partes en sus comparecencias, tampoco mencionan que exista un reglamento que contenga una disposición a esos efectos.
En ausencia de normas aplicables, una agencia administrativa puede adoptar aspectos de las Reglas de Procedimiento Civil para lograr una solución justa de la controversia ante su consideración. Berríos v. Comisión de Minería, 102 D.P.R. 228, 229-230 (1974); Martínez v. Tribunal Superior, 83 D.P.R. 717, 722-723 (1961). En casos apropiados, pueden adoptarse normas que guíen el curso del proceso administrativo cuando éstas no sean incompatibles con dicho proceso y fomenten una solución justa, rápida y económica. Hosp. Dr. Domínguez, Inc. v. Ryder Memorial, 161 D.P.R. _ (2004), 2004 J.T.S. 44, pág. 760; Ortiz v. Sist. de Retiro Emp. Gob., 147 D.P.R. 816, 822 (1999); Ind. Cortillera, Inc. v. P.R. Telephone Co., 132 D.P.R. 654, 660 (1993); Pérez Rodríguez v. P. R. Park. System, Inc., 119 D.P.R. 634, 639-640 (1987).
La Regla 39.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.1, regula lo concerniente al desistimiento en las acciones civiles. La Regla establece las circunstancias en que un demandante retiene discreción absoluta para desistir de una causa de acción sin perjuicio. Estas son: cuando el desistimiento es presentado antes de que comparezca la parte adversa a contestar la demanda o solicitar sentencia sumaria y cuando hay una estipulación de desistimiento firmada por todas las partes. Si la parte adversa ha presentado contestación a la demanda o una moción solicitando sentencia sumaria, el desistimiento se hará mediante moción notificada a todas las partes y a menos que la orden del tribunal exprese lo contrario, el desistimiento se considerará sin perjuicio. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., Tomo 2, 2000, a la pág. *429 641. Ramos Báez v. Bossolo López, 143 D.P.R. 567, 571 (1997). El Tribunal, en el ejercicio de su discreción, puede requerir que un desistimiento sea con perjuicio. De la Matta v. Carreras, 92 D.P.R. 85, 95 (1965).
Al evaluar la solicitud de desistimiento deberá considerarse el daño causado a la parte demandada, más allá de ésta quedar expuesta a una nueva acción judicial. José Cuevas Segarra, Tratado de Derecho Procesal Civil supra, pág. 641. Respecto a la naturaleza del daño, se ha señalado que se le causa un daño sustancial al demandado cuando el emitir una orden de desistimiento sin perjuicio implica para éste gastos o condiciones demasiado onerosas o irrazonables. James WM. Moore, Moore’s Federal Practice, Lexis-Nexis, Vol. 8, see. 41.40, pág. 140 y 144; Wright and Miller, Federal Practice and Procedure, Minnesota, West Publishing Co. Vol. 9, sec. 2364, págs. 293-296. El Juez tiene discreción para conceder el desistimiento e imponer las condiciones que estime convenientes, tales como el pago de gastos, costas y honorarios incurridos por el demandado en su defensa. Ramos Báez v. Bossolo, supra, pág. 571; De la Matta v. Carreras, supra; Kane v. República de Cuba, 90 D.P.R. 428, 435 (1964).
Como señala el Dr. José Cuevas Segarra, mientras más adelantado está el proceso, más difícil será obtener el desistimiento sin perjuicio y sin penalidad. José Cuevas Segarra, Tratado de Derecho Procesal Civil, supra, p. 641. Por ejemplo, los tribunales son renuentes a permitir un desistimiento sin perjuicio en etapas muy cercanas al juicio y mucho menos después de éste. Véase por ejemplo, D’Alto v. Dahon Cal. Inc., 100 F3d 281, 283 (1996); James WM. Moore, Moore’s Federal Practice, supra, pág. 144.
Ill
Hemos examinado los escritos presentados por las partes, así como los documentos que forman parte de los autos. Concluimos que procede revocar la resolución de 14 de septiembre de 2004 mediante la cual la Junta de Planificación aceptó la petición de desistimiento sin peijuicio. Las actuaciones del Ledo. Godinez Morales constituyen un claro abuso de los procedimientos y la Junta de Planificación erró al aprobarlas.
El recurrido presentó su petición de rezonificación original el 28 de mayo de 2003. Los vecinos de las urbanizaciones Villas del Pilar, Romany y Romany Park e Ibemia, representados por la Asociación de Residentes, se opusieron a dicha petición. El Municipio de San Juan también se opuso.
Se celebró una audiencia pública, la agencia recibió evidencia testifical e informes periciales y tomó una decisión. Inexplicablemente, la Junta de Planificación no notificó a las partes su decisión y el promovente solicitó, ocho meses después, el desistimiento para formular el mismo día, una nueva solicitud, sobre el mismo asunto. La Junta de Planificación aceptó el desistimiento sin considerar la etapa avanzada del trámite en que se encontraba el caso. Tampoco consideró la Junta de Planificación la posición de los vecinos, residentes del área, que habían comparecido a todas las etapas del proceso y también tenían derecho a que sus reclamos fuesen atendidos. Repetimos, la Junta de Planificación aceptó un desistimiento no explicado, objetado por los vecinos y, como si nada hubiese ocurrido, el mismo día del desistimiento permite al Ledo. Godinez Morales iniciar la misma solicitud.
Resulta al menos extraño que el Ledo. Godinez Morales tramitara una moción de desistimiento sin perjuicio y a la misma vez, iniciara el mismo día una solicitud sobre el mismo asunto. La situación resulta tan contradictoria que los vecinos fueron notificados de la Resolución de la Junta de Planificación el 13 de octubre de 2004 y, un mes antes, el Ledo. Godinez Morales les había notificado que había iniciado una nueva solicitud.
Las agencias administrativas están obligadas a considerar la posición del ciudadano que solicita una rezonificación, como en el presente caso y, también está obligada a considerar la posición de aquellos vecinos que por disposición de ley son notificados de la solicitud para que comparezcan a la agencia a expresar su posición. Si bien el peticionario tiene derecho a presentar su solicitud de desistimiento, los vecinos que intervienen tienen, igualmente, el derecho a que se cumpla con las leyes y los reglamentos. La Junta de *430 Planificación, sin invalidar el acuerdo tomado, aceptó un desistimiento para, como si nada hubiese ocurrido, recibir una nueva solicitud de rezonificación del mismo lugar.
Entendemos que, ante la solicitud de desistimiento del Ledo. Godinez Morales y conforme a los principios jurídicos discutidos anteriormente, la Junta de Planificación debió considerar, al menos, lo siguiente: (1) la etapa en que se encontraban los procedimientos, y (2) el daño que el archivo del caso le causaría a la Asociación de Residentes. Esos factores debieron ser considerados a la luz de las circunstancias particulares de este caso; esto es, el hecho de que hacía más de ocho meses que se había acordado denegar la petición cuyo desistimiento se solicitaba.
En primer lugar, no hay duda de que al momento de presentarse la solicitud de desistimiento, el caso en cuestión se encontraba en una etapa avanzada del procedimiento. Las partes habían sometido mociones, comparecencias a vistas públicas, habían presentado la prueba y los argumentos que entendieron pertinentes y al momento de solicitarse el desistimiento existía un acuerdo escrito de la Junta de Planificación de que su determinación final sería la de denegar la petición de rezonificación ante su consideración. La falta de notificación del acuerdo podrá tener consecuencias jurídicas, pero, independientemente de ello, el expediente reflejaba una etapa muy avanzada del proceso administrativo que debió ser considerada.
En segundo lugar, surge del expediente que la Asociación de Residentes dedicó una considerable cantidad de tiempo y recursos para defender su oposición a la rezonificación solicitada. La Asociación de Residentes compareció a la vista pública, presentó fotos y documentos, sometió varios escritos para sustentar su posición y contrató los servicios de la Arquitecto Lina M. Dueño, quien preparó un informe pericial titulado " Cambio de Zonificación: Análisis de la Solicitud Número 2003-17-521-JPZ". Véase Apéndice, págs. 61-64. La presentación de una nueva petición de rezonificación provocaría nuevos gastos y esfuerzos sustanciales para la Asociación de Residentes. Los vecinos son notificados de una solicitud de rezonificación porque lo requiere la ley y la agencia está obligada a considerar su parecer.
La Junta de Planificación erró al ordenar el archivo de la petición de rezonificación número 2003-17-0521-JPZ. La solicitud de desistimiento del Ledo. Godinez Morales fue presentada cuando el caso tenía una adjudicación, con el obvio propósito de evadir una decisión denegatoria. Según señalamos anteriormente, esa actuación constituye un abuso de los procedimientos que no puede ser tolerado ni por los tribunales ni por las agencias administrativas. La conducta contradictoria de una parte que desiste de un procedimiento y el mismo día inicia una nueva solicitud, no tiene cabida en nuestro ordenamiento jurídico. Pardo v. Sucn. Stella, 145 D.P.R. 816, 826 (1998); General Electric v. Concrete, 104 D.P.R. 871, 877 (1976); Rodríguez Oyóla v. Machado, 136 D.P.R. 250 (1994); Corraliza v. Bco. Des. Eco., 153 D.P.R. _ (2001), 2001 J.T.S. 5.
La Junta de Planificación abusó de su discreción al ordenar el archivo de la petición de rezonificación presentada por el Ledo. Godinez Morales, por lo que procede la revocación de dicha determinación. Reconocemos que la petición de rezonificación cae dentro del ámbito del poder cuasi legislativo conferido a la Junta de Planificación. Sin embargo, las agencias no pueden, so pretexto de un ejercicio de poder discrecional, violar la ley y los reglamentos que tienen el deber de administrar.
El desistimiento aceptado por la Junta de Planificación tiene como consecuencia varios resultados contrarios a la ley. Primero, permite al peticionario una segunda oportunidad de justificar su petición a pesar de que la reglamentación vigente le requería esperar cinco años después de una decisión contraria para formalizar una nueva solicitud. Segundo, la agencia no da vigencia a los acuerdos que toma. Tercero, una parte que es notificada por disposición de ley —los vecinos — , se verían impedidos de expresar su posición. Cuarto, se derrotaría el propósito de una agencia administrativa de lograr soluciones justas, económicas, prácticas y flexibles.
*431 El derecho no protege reclamos contradictorios que afectan la fe en la justicia y en el buen proceder de las agencias administrativas.
Finalmente, no estamos en condiciones de pasar juicio sobre los méritos de los errores señalados por la Asociación de Residentes relacionados a la resolución de 20 de agosto de 2004, mediante la cual la Junta de Planificación autorizó la venta de unos terrenos de la Autoridad de Carreteras. Se trata de otro asunto que trasciende la decisión de desistimiento impugnada. Si la Asociación de Residentes entiende que le asiste el derecho a algún remedio, deberá incoar un pleito independiente ante el organismo correspondiente.
IV
Por los fundamentos antes expuestos, se revoca la resolución de la Junta de Planificación de 14 de septiembre de 2004 mediante la cual se aceptó el desistimiento del recurrido y se devuelve el expediente para la continuación de los procedimientos en el caso 2003-17-0521-JPZ. Se ordena el archivo de la nueva solicitud de rezonificación, caso 2004-17-0789-JPZ.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria.
Leda. Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones