ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **VERÓNICA PÉREZ RIVERA**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br>**V.**<br><br>**MUNICIPIO AUTÓNOMO DE PONCE**<br>DEMANDADA(S)-PETICIONARIA(S) | **KLCE202300500** | ***Certiorari acogida como Apelación*** procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE**<br><br>Caso Núm.<br>**J PE2011-0800 (602)**<br><br>Sobre:<br>Laboral |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Barresi Ramos, juez ponente

# S E N T E N C I A

En San Juan, Puerto Rico, hoy día 27 de septiembre de 2023.

Comparece ante este Tribunal de Apelaciones, el **MUNICIPIO AUTÓNOMO DE PONCE** (**MUNICIPIO**) mediante *Certiorari* instado el 4 de mayo de 2023. En su recurso, nos solicita que revisemos la *Sentencia* emitida el 20 de abril de 2022, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[1] Mediante dicho dictamen, el foro *a quo* dispuso: "[a] tenor con las disposiciones de la Regla 39.1 de las de Procedimiento Civil, se decreta el desistimiento y archivo, **sin perjuicio**, de la causa de acción contra las partes querelladas antes nombradas, sin especial imposición de costas, gastos ni honorarios de abogado".

En consideración a que el **MUNICIPIO** interesa la revisión de una *Sentencia* **acogemos** el recurso como una ***Apelación***. Ante ello

---

[1] Esta determinación judicial fue notificada y archivada en autos el 26 de abril de 2022. Véase Apéndice del *Certiorari*, págs. 459- 461.

Número Identificador:
SEN2023_____

y en ánimo de una resolución justa, rápida y económica del caso, conservaremos la identificación alfanumérica asignada para propósitos administrativos.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

## I.

En abril de 2010, la señora **VERÓNICA PÉREZ RIVERA** (señora **PÉREZ RIVERA**) incoó una *Solicitud de Apelación* concerniente a un traslado al Centro de Envejecientes de Perla del Sur; petición de acomodo razonable; y actos discriminatorios sufridos ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASP).[2]

Después de algún tiempo, el 9 de febrero de 2011, la señora **PÉREZ RIVERA** entabló una segunda *Solicitud de Apelación* ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del ELA de PR. En su *Solicitud,* suplicó la revocación de la decisión sobre destitución tomada por el **MUNICIPIO** y su restitución inmediata.

Posteriormente, el 21 de noviembre de 2011, la señora **PÉREZ RIVERA** encausó una *Querella* sobre represalias y violación al Artículo 5 de la *Ley de la Corporación de Fondo de Seguro del Estado* (CFSE).[3] Ello bajo un procedimiento sumario ante el Tribunal de Primera Instancia, Sala Superior de Ponce.

Así las cosas, el 5 de diciembre de 2011, el **MUNICIPIO** presentó su *Contestación a Querella* en la cual negó todas las alegaciones y conteniendo sus defensas afirmativas.[4] Entre las defensas afirmativas, aseveró que la *Querella* no ameritaba la concesión de un remedio. A su vez, indicó que se le brindó el debido proceso de

---

[2] Véase Apéndice del *Certiorari*, págs. 91- 93.
[3] *Íd.,* págs. 5- 10.
[4] *Íd.,* págs. 13- 30.

ley en el proceso disciplinario a la señora **Pérez Rivera**. Además, arguyó la falta de jurisdicción por tratarse de medidas disciplinarias al amparo de la *Ley de Municipio Autónomos del Estado Libre Asociado de Puerto Rico.*[5]

El 23 de diciembre de 2011, el **Municipio** presentó una *Moción en Solicitud de Desestimación* alegando la falta de jurisdicción del tribunal.[6] Más tarde, el 23 de enero de 2012, la señora **Pérez Rivera** presentó una *Moción en Cumplimiento de Orden y Oposición a Moción en Solicitud de Desestimación Solicitud de Orden.*[7] El 30 de marzo de 2012, el tribunal primario decretó *Sentencia* en la cual concluyó que no podía "asumir jurisdicción en asuntos que son de la ***jurisdicción primaria exclusiva*** de C.A.S.P. por estar impedido por falta de jurisdicción....La parte querellante ***deberá agotar todos los procesos administrativos***, esto para evitar duplicidad de procedimientos. No obstante, aunque C.A.S.P. puede atender la reclamación de daños de la parte querellante, la jurisdicción es concurrente, por lo que procede ordenar la suspensión de los procedimientos del presente caso y el archivo administrativo hasta tanto culmine el proceso administrativo, conforme lo dispuesto en *Acevedo v. Municipio de Aguadilla...*".[8]

Años después, el 29 de junio de 2015, la señora **Pérez Rivera** presentó una *Solicitud de Reapertura de Caso.*[9] Ante esta situación, el foro primario pautó una conferencia inicial; vista transaccional; y conferencia con antelación al juicio.

Así pues, el 5 de noviembre de 2015, el **Municipio** presentó su *Moción Urgente de Reconsideración* reclamando nuevamente el cierre administrativo del caso hasta que se culminarán los procedimientos

---

[5] *Íd.*, pág. 18.
[6] Véase Apéndice del *Certiorari*, págs. 31- 42.
[7] *Íd.*, págs. 43- 45.
[8] *Íd.*, págs. 50- 56.
[9] *Íd.*, págs. 57- 58.

ante C.A.S.P..[10] Ante ello, el 17 de noviembre de 2015, la señora **PÉREZ RIVERA** presentó su *Oposición Vehemente a Solicitud de Reconsideración.*[11] El 9 de diciembre de 2015, el tribunal pronunció *Resolución* en la cual declaró no ha lugar la solicitud de reconsideración.[12]

Luego de varios trámites procesales, habiendo culminado el descubrimiento de prueba, el 26 de enero de 2017, la señora **PÉREZ RIVERA** presentó una *Solicitud de Sentencia Sumaria Parcial.*[13] El 28 de marzo de 2017, el **MUNICIPIO** presentó su *Oposición a Solicitud de Sentencia Sumaria Parcial.*[14]

Más adelante, el 19 de enero de 2022, el foro de instancia intimó *Resolución* declarando no ha lugar la solicitud de sentencia sumaria parcial y pautando audiencia sobre estado de los procedimientos para el 28 de junio de 2022.[15]

El 18 de abril de 2022, la señora **PÉREZ RIVERA** presentó una *Notificación de Desistimiento Voluntario.*[16] Por consiguiente, el 20 de abril de 2022, se dictaminó la *Sentencia* apelada. El 29 de abril de 2022, el **MUNICIPIO** presentó una *Moción de Reconsideración.*[17] Luego de haber concedido un plazo a la señora **PÉREZ RIVERA** para exponer su posición, el 26 de abril de 2023, el tribunal primario dictó *Resolución* en la cual declaró no ha lugar la solicitud de reconsideración.

Inconforme, el 4 de mayo de 2023, el **MUNICIPIO** instó ante este Tribunal de Apelaciones un *Certiorari.* En su escrito, señala el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia y abusó de su discreción al desestimar la presente causa de acción sin perjuicio en etapas tan adelantadas del pleito, cuando ya

---

[10] *Íd.*, págs. 59- 65.
[11] *Íd.*, págs. 66- 69.
[12] *Íd.*, págs. 72- 75.
[13] Véase Apéndice del *Certiorari*, págs. 376- 381.
[14] *Íd.*, págs. 397- 427.
[15] *Íd.*, págs. 430- 457.
[16] *Íd.*, pág. 458.
[17] *Íd.*, págs. 462- 467.

las partes habían culminado el descubrimiento de prueba y el Municipio había presentado Moción de Sentencia Sumaria solicitando la desestimación del pleito.

Erró el Tribunal de Primera Instancia y abusó de su discreción al desestimar la presente causa de acción sin perjuicio cuando la parte demandante no presentó razón alguna que justificara que el desistimiento fuere otorgado sin perjuicio.

El 9 de mayo de 2023, expedimos *Resolución* en la cual, entre otras cosas, concedimos un plazo perentorio de diez (10) días para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado. Al día de hoy, la señora **PÉREZ RIVERA** no ha presentado contención alguna.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Presentamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

**II.**

**-A-**

La Regla 39.1 de las de Procedimiento Civil de 2009 prescribe lo pertinente a las distintas formas de desistimiento de una acción ante el foro judicial.[18] A estos efectos la mencionada Regla expone:

(a) Por la parte demandante; por estipulación. Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
(1) Mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
(2) Mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente una parte demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

---

[18] 32 LPRA, Ap. V. R. 39.1. *Pagán Rodríguez v. Pres. Cáms. Legs.*, 206 DPR 277, 286 – 287 (2021). El desistimiento se refiere a una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente.

(b) Por orden del tribunal. A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá a la parte demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

Se desprende de la antes citada Regla que existe una clara distinción de las formas en que se puede desistir de un pleito de acuerdo al momento en que se presenta y lo acaecido en el procedimiento. Así, bajo el inciso (a) de dicha Regla 39.1, se provee para el desistimiento voluntario de la parte demandante mediante la mera presentación del aviso de desistimiento. El derecho de esta resulta tan absoluto que no es necesaria la presentación de una moción, bastará con la presentación de un aviso por escrito para hacer efectiva su intención de desistir de su causa de acción.[19] No obstante, bajo dicho inciso se requiere que se presente el aviso **antes** de la presentación de la contestación a demanda o solicitud de sentencia sumaria por la parte demandada. El Tribunal ordenará el archivo y sobreseimiento de la acción sin discreción para obrar de otra manera.[20]

Asimismo, en su inciso (a) (2), la referida Regla 39.1, permite un desistimiento por estipulación de todas las partes en el pleito. Esto tiene lugar cuando ya han comparecido las partes demandadas y la parte demandante decide desistir de su causa de acción. Bajo este inciso, la parte demandante podrá desistir de su reclamación solo bajo las condiciones que acuerde con las demás partes que han comparecido al pleito.

De otro lado, el inciso (b), dispone lo referente al desistimiento con autorización del tribunal. El lenguaje de la Regla 39.1 (b), sugiere que el derecho de la parte demandante al desistimiento no

---

[19] Véase J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones JTS, Tomo III, 2011, pág. 1139.
[20] Véase Rafael Hernández Colón, *Derecho Procesal Civil*, LexisNexis, 6ta edición (2017), pág. 414; *Tenorio Betancourt v. Hospital Dr. Pila*, 159 DPR 777 (2003).

es absoluto, se trata de una disposición del caso sometida a la discreción judicial bajo los términos y condiciones que el tribunal estime convenientes.[21] Ciertamente, este **es el mecanismo a utilizarse en aquellos casos en que la parte demandada contestó la demanda, o presentó solicitud de sentencia sumaria y no se ha podido obtener una estipulación de desistimiento por todas las partes en el pleito**.[22]

Nuestro Máximo Foro en el caso *Pramco CV6, LLC. v. Delgado Cruz*, tuvo la oportunidad de delinear los contornos de la antedicha Regla 39.1.[23] Al así hacerlo distinguió entre el desistimiento por la parte demandante y aquel que es decretado por el tribunal. Así, el desistimiento por la parte demandante es absoluto bajo el inciso (a)(1) y condicionado a una estipulación de las partes bajo el inciso (a)(2). El inciso (b) de la referida Regla 39.1, se activa en ocasión de que no estén presentes las situaciones previstas por los incisos (a)(1) y (a)(2); esto, es cuando las partes demandadas han contestado la demanda o han presentado una moción de sentencia sumaria o cuando no ha sido posible que las partes hayan logrado suscribir una estipulación de desistimiento por escrito.[24]

Por lo general, **el desistimiento debe concederse sin perjuicio, salvo que se demuestren daños, en cuyo caso se deben balancear los intereses de las partes**.[25] Empero, el daño debe ser algo más que la exposición a otra acción por los mismos hechos para que se imponga la penalidad del desistimiento sea con perjuicio.[26] **Su propósito es prevenir que la parte demandada se vea afectado injustamente por los desistimientos voluntarios de la parte**

---

[21] Hernández Colón, *supra*, pág. 415; Cuevas Segarra, *supra*, pág. 1147; *Ramos Báez v. Bossolo López*, 143 DPR 567, 571 (1997).
[22] (énfasis nuestro).
[23] 184 DPR 453 (2012).
[24] Hernández Colón, supra., pág. 414.
[25] Cuevas Segarra, supra., pág. 1148. (énfasis nuestro).
[26] *Íd.*

**demandante en una etapa avanzada del procedimiento**.[27] Es decir, mientras más adelantado esté el proceso, más difícil será obtener el desistimiento sin perjuicio y sin penalidad.[28]

En consecuencia, la predicha Regla 39.1 **descansa en la sana discreción del tribunal**, quien, al examinar las posiciones de todas las partes, decretará el desistimiento bajo aquellos términos y condiciones que estime pertinentes.[29] Así mismo, dentro de su discreción podrá decretar que el desistimiento sea con o sin perjuicio o condicionarlo al pago de gastos y honorarios de abogado.[30]

-B-

Por otro lado, los tribunales de instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración.[31] El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que los(las) jueces de instancia tengan gran flexibilidad y discreción para trabajar con el diario manejo y tramitación de los asuntos judiciales.[32] Ello, presupone que los(las) jueces de instancia tienen poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados, según indique su buen juicio, discernimiento y su sana discreción.[33]

El Tribunal Supremo, ha establecido que **como regla general este Tribunal de Apelaciones no intervendrá en el manejo del caso ante la consideración del tribunal de instancia**.[34] Ante ello, solamente se intervendrá cuando hubiera prejuicio, parcialidad, craso abuso de discreción o error en la aplicación de una norma

---

[27] (énfasis nuestro).
[28] Cuevas Segarra, supra., págs. 1144– 1145.
[29] (énfasis nuestro).
[30] *Pramco CV6, LLC. v. Delgado Cruz y otros, supra,* pág. 462.
[31] *In re: Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117, 141-142 (1996); *Molina v. Supermercado Amigo, Inc.,* 119 DPR 330, 337 (1987).
[32] *In re: Collazo I,* supra.
[33] *Íd.*
[34] (énfasis nuestro).

procesal o de derecho sustantivo y nuestra intervención en esa etapa evitaría un prejuicio sustancial.[35] Asimismo, se ha decidido que "**los tribunales apelativos [no deben], con relación a determinaciones interlocutorias discrecionales procesales, sustituir [su] criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción**".[36]

Así, el principio general aludido reconoce que los tribunales de instancia son quienes están en mejor posición para determinar cuál debe ser el mejor manejo del caso ante su consideración. A tenor con ello, los foros apelativos **no deben intervenir** con las determinaciones de los tribunales sentenciadores que **estén enmarcadas en el ejercicio de la discreción** que se les ha concedido para encaminar procesalmente los asuntos que tienen pendientes.[37] Ahora bien, excepcionalmente, tales actuaciones serán objeto de revisión si son arbitrarias, constitutivas de un craso abuso de discreción, o basadas en una determinación errónea que a su vez haya causado un grave perjuicio a una de los partes.[38]

Por consiguiente, debemos tener presente que los(las) jueces de instancia están facultados(as) de flexibilidad para lidiar con la tramitación de los asuntos judiciales.[39] Si su actuación se funda en una base razonable que no resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio.[40]

### III.

Por estar íntimamente relacionados, discutiremos los señalamientos de error en conjunto. En el caso de autos, el

---

[35] *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Lluch v España Service Sta.*, 117 DPR 729 (1986).
[36] *Meléndez v. Caribbean Int'l. News*, 151 DPR 649 (2000). (énfasis nuestro).
[37] (énfasis nuestro).
[38] *Rebollo López v. Gil Bonar*, 148 DPR 673 (1999).
[39] *E.L.A. v. Asoc. de Auditores*, 147 DPR 669 (1999).
[40] *Meléndez Vega v. Caribbean Int'l. News, supra*; *Sierra v. Tribunal Superior*, 81 DPR 554 (1959).

**MUNICIPIO** señaló que el foro de instancia abusó de su discreción al desestimar **sin perjuicio** esta causa de acción. Específicamente, el **MUNICIPIO** planteó que la señora **PÉREZ RIVERA** pretendió desistir de la presente reclamación luego de haber transcurrido diez (10) años de estar litigando este pleito. Argumentó que el desistimiento se presentó después de haber culminado el descubrimiento de prueba y presentado una moción dispositiva solicitando la desestimación con perjuicio. También, aseguró que no procede el desistimiento sin perjuicio.

Ahora bien, del expediente se desprende que el 12 de abril de 2022, la señora **PÉREZ RIVERA** presentó una *Notificación de Desistimiento Voluntario*. Ello, luego de que el foro primario el 19 de enero de 2022, declarara no ha lugar su *Solicitud de Sentencia Sumaria Parcial* y pautó una conferencia sobre estado de los procedimientos (*Status Conference*) para el 28 de junio de 2022. Tres (3) meses después, la señora **PÉREZ RIVERA** decidió desistir voluntaria y libremente del procedimiento.

Por otro lado, el **MUNICIPIO** enumeró siete (7) razones por las cuales entiende que procede desestimar el caso de autos con perjuicio. A saber: (1) la reclamación judicial tuvo su inicio el 21 de noviembre de 2011, es decir hace más de diez (10) años; (2) la solicitud de desistimiento se presentó después de que las partes culminaron el descubrimiento de prueba; (3) la solicitud de desistimiento se presentó después de que el **MUNICIPIO** presentara una *Solicitud de Sentencia Sumaria Parcial*; (4) algunas de las controversias llegaron al Tribunal Supremo; (5) el **MUNICIPIO** ha tenido que incurrir en una cantidad significativa de gastos y honorarios de abogado para defenderse del presente litigio; (6) la señora **PÉREZ RIVERA** no presentó razón alguna que justificara que el desistimiento fuere sin perjuicio; y (7) el **MUNICIPIO** se allanó a que la solicitud de desistimiento de la señora **PÉREZ RIVERA** fuera con

perjuicio cuando dejó de acatar la *Orden* decretada por el foro de instancia para que expusiera su posición sobre el asunto.

Lo cierto es que la Regla 39.1 (a) de las de Procedimiento Civil de 2009, dispone que la parte demandante podrá desistir de un pleito sin orden del tribunal – mediante la presentación de un aviso de desistimiento en cualquier fecha **antes** de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria. En cualquier otro momento, deberá tener la autorización del tribunal o mediante estipulación de las partes. Además, expone que será **sin perjuicio** excepto que el aviso tenga el efecto de una adjudicación sobre los méritos del auto.[41] Por otro lado, la propia Regla 39.1 (a), instaura cuando el desistimiento será **con perjuicio** y a esos efectos, expresamente dispone que se entenderá cuando haya una adjudicación en los méritos. Es decir, cuando ya la parte haya desistido anteriormente en otro pleito pasado o incluye la misma reclamación ante los tribunales.[42]

Del mismo modo, el **MUNICIPIO** enfatizó que ha incurrido en una cantidad significativa de gastos y honorarios de abogado.[43] Sin embargo, no incluyó en el apéndice del presente recurso evidencia que sustente su reclamación.

Finalmente, al justipreciar los argumentos del **MUNICIPIO** y la totalidad del expediente, no hallamos que, al decidir la cuestión planteada sobre el desistimiento, el foro *a quo* haya incurrido en perjuicio, arbitrariedad o parcialidad. Por tanto, determinamos que

---

[41] La doctora Ruth E. Ortega Vélez explicó en el Diccionario de Términos y Frases de Derecho Puertorriqueño que un demandante tiene la opción de desistir voluntariamente de la tramitación de su acción en cualquier fecha y sin perjuicio, siempre y cuando observe la Regla 39.1. Véase, Ruth E. Ortega, Diccionario de Términos y Frases de Derecho Puertorriqueño, Ediciones Situm, 2da Edición (2019); pág. 102. *Pramco CV6 v. Delado Cruz y otros*, supra., págs. 459– 460.

[42] *Íd.*, pág. 461.

[43] El tribunal tiene **discreción judicial** para terminar el litigio e imponer las condiciones que estime pertinentes como lo es que el desistimiento sea con perjuicio o la imposición del pago de costas y honorarios de abogado. Véase *Pagán Rodríguez v. Pres. Cáms. Legs.*, supra.

no erró al desestimar, **sin perjuicio**, la *Demanda* entablada por la señora **PÉREZ RIVERA.**

**IV.**

Por los fundamentos anteriormente expuestos, ***confirmamos*** la *Sentencia* pronunciada el 20 de abril de 2022 por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre con la determinación sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones