Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ERICA MARIE ERICKSON<br><br>Apelante<br><br>v.<br><br>MARÍA DE LOS ÁNGELES GONZÁLEZ Y OTROS<br><br>Apelados | KLAN202401141 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2024CV00153<br><br>Sobre: Libelo, Calumnia o Difamación |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece Erica Marie Erickson (en adelante, señora Erickson o apelante) mediante un recurso de *Apelación*, para solicitarnos la revisión de la *Sentencia* emitida y notificada el 17 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, TPI y/o foro primario).[1] Mediante la *Sentencia* apelada, el tribunal de instancia declaró *Con Lugar* una solicitud de desistimiento sin perjuicio, e impuso la suma de $3,000.00 dólares por concepto de honorarios de abogado, a favor de la parte demandada, a ser distribuidos en partes iguales.

Por los fundamentos que expondremos, se modifica *Sentencia apelada*, y, así modificada, se confirma.

I

El presente caso inició cuando, el 30 de enero de 2024, la apelante presentó una *Demanda* sobre difamación, libelo y calumnia y daños y perjuicios contra María de los Ángeles González (señora González); Melissa Correa (señora Correa); Liberman Media Group,

---

[1] Apéndice del recurso, a las págs. 95-96.

Número Identificador

SEN2025_____

y LLC h/n/c/ TeleOnce (TeleOnce) (en conjunto, parte apelada).[2] En el escrito, relató que, el 22 de agosto de 2023, TeleOnce publicó una investigación especial, titulada *Las Garras del Maltrato*, en la cual reseñó que en su propiedad se habían encontrado indicios de maltrato de animales. Alegó que, desde que se publicó la referida noticia, ha recibido daños a su reputación en la comunidad. Por otra parte, indicó que, como parte de la noticia, entrevistaron a varios vecinos, entre ellos, la señora González, quien expresó haber atestiguado las prácticas de maltrato. Arguyó que la referida codemandada fue negligente al realizar expresiones públicas, a sabiendas de que eran falsas. A su vez, adujo que la señora González, previo a la publicación de la noticia, había incurrido en un patrón de hostigamiento, difamación y persecución contra su persona. Ello, principalmente, puesto a que había presentado una querella en su contra, dado a que los animales que tenía en su hogar emitían un fuerte olor. Arguyó, por último, que las acciones de los codemandados le habían ocasionado daños, los cuales ascendían a una suma no menor de $2,000,000.00 dólares.

El 14 de febrero de 2024, la señora González presentó una *Moción de Desestimación,*[3] al amparo de la Regla 10.2 de Procedimiento Civil.[4] En el petitorio, plateó, en suma, que las alegaciones en su contra, según redactadas, no justificaban la concesión de un remedio. En reacción, el 16 de febrero de 2024, la apelante presentó oposición a la desestimación.[5] Evaluados los escritos, así como la réplica y la dúplica respectivamente

---

[2] Apéndice del recurso, a las págs. 1-10. La aludida demanda también se presentó contra el esposo de la señora González, el señor Roberto González Casillas, y la Sociedad Legal de Bienes Gananciales compuesta por ambos. Ahora bien, mediante moción al expediente judicial, la parte apelante informó que, al momento de emplazar a la señora González, esta expresó ser viuda y que no había vuelto a contraer matrimonio. Véase *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), a la Entrada 8.
[3] Véase SUMAC, a la Entrada 9.
[4] 32 LPRA Ap. V, R. 10.2.
[5] Véase SUMAC, a la Entada 10.

presentadas,[6] el foro primario declaró *No Ha Lugar* la desestimación.[7]

Así las cosas, el 25 de marzo de 2024, la apelante presentó una moción al expediente judicial, en la cual informó al tribunal su nueva dirección física y postal en el estado de la Florida.[8] En reacción, al día siguiente, TeleOnce presentó una *Solicitud de imposición de fianza de no residente,* en la cual esgrimió que, dado a que la apelante residía, actualmente, en el estado de la Florida, el Tribunal le debía ordenar a prestar una fianza de no menos de $5,000.00 dólares, conforme a la Regla 69.5 de Procedimiento Civil.[9]

Ese mismo día, entiéndase, el 26 de marzo de 2024, la señora González presentó su *Contestación a Demanda,*[10] la cual, posteriormente, fue enmendada el 8 de mayo de ese mismo año.[11] En la misma, negó haber incurrido en conducta que constituyó difamación y/o persecución contra la apelante. Adujo que la apelante actuó de mala fe y su reclamación no justificaba la concesión de un remedio.

Subsiguientemente, el 27 de marzo de 2024, la apelante reaccionó a la solicitud de imposición de fianza de no residente, para oponerse, únicamente, a que la fianza fuese de $5,000.00 dólares. Solicitó, en cambio, que se impusiera una fianza de $1,000.00 dólares.[12]

Ese mismo día, entiéndase, el 27 de marzo de 2024, ocurrieron dos (2) eventos procesales, el *primero* fue que TeleOnce presentó una réplica a la reacción instada por la apelante;[13] y el *segundo* fue que el foro de instancia, luego de evaluar los escritos

---

[6] Véase SUMAC, a las Entradas 11 y 12.
[7] *Íd.*, a la Entrada 18.
[8] Apéndice del recurso, a la pág. 11.
[9] Véase SUMAC, a la Entrada 25. 32 LPRA Ap. V, R. 69.5.
[10] Apéndice del recurso, a las págs. 15-18.
[11] Véase SUMAC, a la Entrada 42. Precisa señalar que la enmienda se debió a que la alegación responsiva que se presentó originalmente no contenía defensas afirmativas. El foro primario aceptó la enmienda el 3 de junio de 2024.
[12] Véase SUMAC, a la Entrada 27.
[13] *Íd.,* a la Entrada 28.

de las partes, emitió una *Orden*, notificada el 1 de abril de 2024, mediante la cual ordenó a la apelante a sufragar la suma de $3,000.00 dólares por concepto de fianza de no residente y suspendió todo procedimiento hasta que la misma fuese satisfecha.[14] La parte apelante cumplió con lo ordenado el 26 de abril de 2024,[15] por lo que el tribunal de instancia, mediante *Orden*, notificada el 6 de mayo de 2024, dispuso que se dejara sin efecto la paralización.[16]

Posteriormente, el 31 de mayo de 2024, TeleOnce y la señora Correa presentaron, en conjunto, una *Solicitud de desestimación parcial*,[17] amparada en la Regla 10.2 de Procedimiento Civil.[18] En el petitorio, plantearon, en síntesis, que el apelante no tenía derecho a un remedio, puesto a que sus alegaciones no cumplían con lo requerido por el ordenamiento jurídico vigente para sostener una reclamación de difamación.

Luego, el 12 de junio de 2024, la apelante presentó una *Moción en solicitud de paralización de los procesos*.[19] Adujo que el Ministerio Público le había presentado cargos criminales en torno a un alegado maltrato animal y que, debido a que se activaban una serie de garantías constitucionales a su favor, el foro de instancia debía aguardar hasta la conclusión del referido caso para continuar los procedimientos. En reacción, el 19 de junio de 2024, la señora González se opuso a lo solicitado por la apelante.[20] Arguyó, en síntesis, que, paralelamente al caso de marras, se estaba conduciendo una investigación por los mismos hechos alegados en la *Demanda* y que, aun así, la apelante había optado por instar la

---

[14] Apéndice del recurso, a la pág. 25.
[15] *Íd.,* a las págs. 26-29.
[16] Véase SUMAC, a la Entrada 39.
[17] *Íd.,* a la Entrada 43.
[18] 32 LPRA Ap. V, R. 69.5.
[19] Apéndice del recurso, a las págs. 35-39.
[20] *Íd.,* a las págs. 40-43.

acción del título. A tenor, se opuso a la paralización y solicitó que el caso fuese desestimado.

En respuesta, mediante *Orden* notificada el 27 de junio de 2024, el tribunal de instancia quedó enterado y dio por sometida la solicitud. Conviene mencionar que, luego de notificarse la antedicha *Orden*, pero, en esa misma fecha, en un mismo escrito, TeleOnce y la señora Correa, también presentaron su oposición a la solicitud de paralización instada por la apelante.[21] En el escrito, solicitaron al foro primario que denegara la solicitud incoada por la apelante, salvo porque esta última optara por desistir del caso.

Entretanto, el 9 de julio de 2024, la apelante se opuso a la solicitud de desestimación presentada en conjunto por TeleOnce y la señora González.[22]

Tras varias incidencias procesales innecesarias de pormenorizar, y luego de evaluados los escritos de las partes, en cuanto a la paralización de los procedimientos, mediante *Resolución*, emitida el 22 de julio de 2024, y notificada al día siguiente, el tribunal de instancia declaró *No Ha Lugar* la solicitud de paralización de los procedimientos.[23] Expresó que la apelante, por ser la demandante del caso del título, contaba con alternativas para proteger cualquier derecho que tuviese, sin dilatar innecesariamente los procedimientos. Asimismo, mediante *Resolución* del 22 de julio de 2024, y notificada al día siguiente, el foro primario declaró *No ha lugar* la *Solicitud de desestimación parcial* presentada por TeleOnce y la señora Correa.[24]

Subsiguientemente, el 5 de agosto de 2024, la apelante presentó una *Moción en solicitud de anotación de rebeldía*, contra TeleOnce y la señora Correa.[25] Al día siguiente, TeleOnce y la señora

---

[21] Apéndice del recurso, a las págs. 45-49.
[22] Véase SUMAC, a la Entrada 59.
[23] Apéndice del recurso, a las págs. 50-51.
[24] Véase SUMAC, a la Entrada 65.
[25] Apéndice del recurso, a las págs. 52-54.

Correa presentaron su *Contestación a Demanda*.[26] Esencialmente, esgrimieron que, las expresiones objeto de la *Demanda*, no fueron emitidas de forma maliciosa y/o negligente, y que las mismas estaban protegidas por el privilegio de reporte justo y verdadero. Además, alegaron, entre otras cosas, que la información publicada fue obtenida de una autoridad y origen confiable. Por otro lado, mediante escrito presentado en esa misma fecha, TeleOnce y la señora Correa se opusieron a la anotación de rebeldía solicitada por la apelante.[27] En respuesta, mediante *Resolución*, emitida el 16 de agosto de 2024, y notificada el 23 de agosto de 2024, el tribunal de instancia declaró *No Ha Lugar* la solicitud para que se anotara la rebeldía a TeleOnce y a la señora Correa.[28]

Con relación a la denegatoria para paralizar los procedimientos, insatisfecha con lo resuelto, el 6 de agosto de 2024, la apelante presentó una *Moción de Reconsideración*,[29] la cual fue denegada mediante *Resolución*, notificada el 3 de septiembre de 2024.[30]

Finalmente, el 20 de septiembre de 2024, la apelante presentó una *Moción de desistimiento sin perjuicio*.[31] Adujo que solicitaba que se le concediera el desistimiento sin perjuicio del caso, sin imposición de costas, gastos u honorarios de abogado. Esbozó, en síntesis, que el motivo por el cual peticionaba el desistimiento era porque la apelante decidió continuar el pleito en la esfera federal. Por su parte, el 23 de septiembre de 2024, TeleOnce y la señora Correa presentaron una *Moción informativa sobre término para expresarnos en cuanto a la Moción de desistimiento sin perjuicios* (sic).[32] En respuesta, mediante *Orden*, emitida y notificada el 23 de

---

[26] Apéndice del recurso, a las págs. 55-63.
[27] *Íd.,* a las págs. 64-66.
[28] *Íd.,* a las págs. 72-73.
[29] *Íd.,* a las págs. 67-71.
[30] *Íd.,* a la pág. 74.
[31] *Íd.,* a las págs. 75-78.
[32] *Íd.,* a las págs. 79-80.

septiembre de 2024, el foro de instancia concedió el término solicitado por TeleOnce y la señora Correa para expresarse.[33]

De ahí, el 11 de octubre de 2024, TeleOnce y la señora Correa presentaron una *Oposición a Moción de desistimiento sin perjuicio.*[34] Arguyeron que, aun cuando el caso se encontraba en una "etapa inicial", según argumentado por la apelante, el mismo contaba con sobre ochenta (80) entradas en el expediente y que, en su mayoría, eran "mociones sustanciales y oposiciones constantes" por parte de la señora Erickson. Además, acotaron que, desde una etapa temprana, le habían señalado al foro primario, al momento de oponerse a la paralización de los procesos, que esta tenía opción de desistir. Puntualizaron que la apelante, en ese momento, ignoró dicha alternativa. Además, le recordaron al foro de instancia que, en su propia *Resolución,* mediante la cual denegó la paralización de los procesos, le expresó a la apelante que esta tenía varias alternativas para proteger su caso. A tenor, solicitaron que, de considerarse favorablemente el pedimento de la apelante, se impusieran todas las costas y honorarios de abogado incurridos y se les permitiera, además, ejecutar la fianza de no residente prestada por esta.

Por otro lado, el 12 de octubre de 2024, la señora González también presentó su *Oposición a Moción de des[i]stimiento sin perjuicio.*[35] Esbozó que, en el presente caso, la apelante instó el caso de marras a sabiendas de que existía una acción criminal paralela en su contra y que, como estrategia, incoó una acción en la esfera federal, previo a la presentación de la solicitud de desistimiento. Detalló que, luego de que el tribunal de instancia denegó paralizar los procesos en este caso, la apelante acudió al foro federal, por lo que expuso a las partes del caso del título a un trámite judicial

---

[33] Apéndice del recurso, a la pág. 81.
[34] *Íd.,* a las págs. 82-88.
[35] *Íd.,* a las págs. 89-94.

totalmente innecesario, por el cual tuvieron que incurrir en gastos legales.

En respuesta, el 17 de octubre de 2024, el foro de instancia emitió y notificó la *Sentencia* apelada.[36] Mediante la antedicha *Sentencia*, el foro primario declaró *Con Lugar* la solicitud de desistimiento sin perjuicio, instada por la apelante. Empero, impuso honorarios de abogado por la suma de $3,000.00 dólares a favor de la parte demandada, a ser distribuidos en partes iguales.

En desacuerdo, el 29 de octubre de 2024, la apelante presentó una *Moción de Reconsideración*.[37] La apelante expresó que entendía que el foro de instancia erró al imponer los honorarios de abogado, por lo que debía reconsiderarse dicha parte del dictamen. Esgrimió, en síntesis, los mismos argumentos presentados en la solicitud de desestimación. Además, esbozó que el pleito entre las partes quedaría mejor atendido ante el foro federal dado a las causas de acción instadas. En reacción, el 8 de noviembre de 2024, TeleOnce y la señora Correa presentaron una *Moción en oposición a reconsideración*.[38] Arguyó que, si bien es cierto que presentar una reclamación a nivel federal no debe considerarse como temerario, presentar escritos para que se paralicen los procesos ante el foro de instancia, habiendo ocultado el verdadero propósito, entiéndase, facilitar la presentación de una demanda ante el foro federal, si lo era. Solicitaron, además, que se aumentara, por la cantidad de $1,000.00 dólares, la cantidad impuesta en honorarios de abogado, para cubrir los gastos adicionales incurridos. En respuesta, mediante *Resolución,* emitida el 20 de noviembre de 2024, y notificada el 21 de noviembre de 2024, el tribunal de instancia declaró *No Ha Lugar* la solicitud de reconsideración incoada.

---

[36] Apéndice del recurso, a las págs. 95-96.
[37] *Íd.,* a las págs. 97-100.
[38] *Íd.,* a las págs. 102-105.

Insatisfecha con lo resuelto, el 20 de diciembre de 2024, la apelante compareció ante nos mediante un recurso de *Apelación* en el cual alzó los siguientes tres (3) errores:

A. **PRIMER ERROR:** Erró el TPI al imponer $3,000.00 de honorarios de abogado sin justificación legal alguna y mucho menos, sin expresión alguna en cuanto a temeridad.

B. **SEGUNDO ERROR:** Erró el TPI al apartarse de lo dispuesto en la Regla 44.1 (d) de Procedimiento Civil de Puerto Rico, así como de la jurisprudencia interpretativa, en lo relativo a la imposición de temeridad.

C. **TERCER ERROR:** Erró el TPI al determinar que desistir de una causa de acción presentada en un Tribunal de Primera Instancia para proseguirla en la Corte Federal, de por sí, constituye temeridad.

Posteriormente, el 21 de enero de 2025, la parte apelada presentó el *Alegato en oposición a recurso de apelación*.

Así las cosas, mediante *Resolución* emitida el 23 de enero de 2025, concedimos término al Hon. Miguel A. López Feliciano, Juez del Tribunal apelado, para que fundamentara la *Sentencia* apelada, específicamente, en cuanto a la imposición de honorarios de abogado. En cumplimiento con lo ordenado, la *Sentencia* apelada fue fundamentada mediante escrito intitulado, *Sentencia Enmendada.*

Con el beneficio de la comparecencia de ambas partes, y el cumplimiento con lo ordenado al tribunal de instancia, procederemos a disponer del presente recurso.

II

**A. Recurso de Apelación**

La Regla 52.2 (a) de Procedimiento Civil,[39] dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un

---

[39] 32 LPRA Ap. V, R. 52.2 (a).

plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[40] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[41]

Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> […].[42]

No obstante, el término de treinta (30) días, para acudir en alzada, puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[43] En tal caso, el curso del término para apelar comienza a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[44] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso, y si abusaron de su discreción.[45] El foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[46] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[47] Por ello, se ha establecido que los foros apelativos no deben intervenir

---

[40] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[41] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[42] 4 LPRA Ap. XXII-B, R. 13 (A).
[43] 32 LPRA Ap. V, R. 47.
[44] *Íd.*
[45] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).
[46] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).
[47] *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra*, a la pág. 572.

con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[48]

### A. Desistimiento Voluntario y Honorarios de Abogado por Temeridad

Conforme a la Regla 39.1 (a) (1) de Procedimiento Civil, un demandante puede desistir de un pleito de manera voluntaria en cualquier momento, antes de la contestación de la parte adversa o de una moción para que se dicte sentencia sumaria, mediante la presentación de un aviso de desistimiento ante el tribunal.[49] Ahora bien, luego de presentadas las alegaciones responsivas, el demandante, únicamente, podrá desistir de un pleito mediante orden del tribunal y bajo los términos y condiciones que este estime procedentes.[50] A esos efectos, se ha reconocido la discreción del foro sentenciador para conceder el desistimiento con la imposición de honorarios de abogado al demandante que lo solicitó.[51]

Sabido es que la Regla 44 de Procedimiento Civil aborda lo relativo a costas, honorarios de abogado e interés legal. Esta tiene un fin de índole disuasivo, es decir, desalentar los pleitos temerarios y superfluos.[52] En particular, la Regla 44.1 (d) de Procedimiento Civil dispone que:

> [...].
>
> [e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta. [...].[53]

---

[48] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).
[49] 32 LPRA Ap. V, R. 39.1 (a) (1); *Pramco CV6, LLC v. Delgado Cruz y otros*, 184 DPR 453, 459 (2012).
[50] 32 LPRA Ap. V, R. 39.1 (b).
[51] *Ramos Báez v. Bossolo López*, 143 DPR 567, 571 (1997).
[52] *J.T.P. Development Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992).
[53] 32 LPRA Ap. V, R. 44.1 (d).

El concepto temeridad no está expresamente definido por la Regla 44.1(d) de las Reglas de Procedimiento Civil.[54] Sin embargo, la temeridad ha sido definida en la jurisprudencia como "toda aquella conducta que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o requiera a la otra parte efectuar gestiones innecesarias".[55]

Existen varias instancias bajo las cuales puede surgir temeridad, a saber: (i) contestar una demanda y negar responsabilidad total, aunque se acepte posteriormente; (ii) defenderse injustificadamente de la acción; (iii) creer que la cantidad reclamada es exagerada y que sea esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir francamente su responsabilidad, pudiendo limitar la controversia a la fijación de la cuantía a ser concedida; (iv) arriesgarse a litigar un caso del que se desprendía prima facie su responsabilidad; y, (v) negar un hecho que le conste es cierto a quien hace la alegación.[56] Se desprende de los anteriores ejemplos que el propósito de la imposición de honorarios de abogado en casos de temeridad es: "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito".[57]

Una vez el tribunal sentenciador concluye que una parte ha sido temeraria, es imperativa la imposición de honorarios de abogado.[58] No obstante, lo anterior, es menester aclarar que, aunque en la sentencia haya ausencia de una conclusión expresa

---

[54] *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).
[55] *Blas v. Hosp. Guadalupe*, 146 DPR 267, 335 (1998).
[56] *Íd.*, a las págs. 335-336 (1998).
[57] *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010), citando a *Fernández v. San Juan Cement Co., Inc.*, supra, a la pág. 718.
[58] *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005).

de que una parte fue temeraria, un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal sentenciador consideró temeraria a la parte así condenada. Entiéndase que, al imponerle honorarios de abogado a una parte, el foro primario realizó una determinación de temeridad.[59]

Por último, precisa acentuar que la determinación de temeridad es de índole discrecional, por lo que los tribunales apelativos solo debemos intervenir con ella cuando nos enfrentemos a un caso en el cual se desprende diáfanamente un abuso de discreción.[60]

### III

La señora Erickson acude ante este foro revisor, tras su inconformidad con lo resuelto por el foro primario, luego de haber solicitado desistir del caso del título, sin perjuicio. Mediante la *Sentencia* apelada, el tribunal de instancia declaró *Ha Lugar* la solicitud de desistimiento sin perjuicio, incoada por la apelante. Empero, le impuso la suma de $3,000.00 dólares por concepto de honorarios de abogado a favor de la parte apelada. La apelante quedó inconforme con la disposición relativa a los honorarios de abogado impuestos.

En el recurso ante nuestra consideración, la apelante esgrime que: (1) el foro de instancia incidió al imponer honorarios de abogado sin justificación y sin expresión alguna en cuanto a temeridad; (2) se apartó de la Regla 44.1(d) de las de Procedimiento Civil de Puerto Rico;[61] y que (3) falló al determinar que constituye temeridad desistir de una causa de acción a nivel estatal para proseguirla a nivel federal. Luego de haber estudiado con detenimiento la totalidad del expediente ante nos, y tras juzgar que los tres errores alzados por la

---

[59] *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999); *Montañez Cruz v. Metropolitan Cons. Corp.* 87 DPR 38, 40 (1962).
[60] S.*L.G. Flores–Jiménez v. Colberg*, 173 DPR 843, 866 (2008); *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 188 (2008).
[61] 32 LPRA Ap. V, R. 44.1(d).

apelante se relacionan estrechamente, procederemos a discutirlos en conjunto. Veamos.

El caso de marras inició cuando la apelante presentó una *Demanda* en contra de la parte apelada, por unas expresiones públicas que, presuntamente, constituyeron difamación, libelo y calumnia, y le ocasionaron daños. Luego de varios de trámites procesales, entre ellos, que incluyeron, entre otros, la presentación de las respectivas alegaciones responsivas de las partes codemandadas, así como de mociones dispositivas presentadas por la parte apelada. Además, ante el foro de instancia estuvo pendiente una solicitud presentada por la apelante, para que se paralizaran los procedimientos del caso del título, la cual fue denegada. De ahí, la apelante peticionó desistir del caso, sin perjuicio.

En respuesta, TeleOnce y la señora Correa, así como la señora González, presentaron, respectivamente, sus escritos en oposición al desistimiento. Mediante los antedichos escritos, solicitaron, en síntesis, que, al considerar la solicitud interpuesta por la apelante, se le impusieran las costas y los honorarios incurridos para que se les compensara por el trámite judicial al cual fueron expuestos. Evaluados los escritos de las partes, el foro primario concedió el desistimiento sin perjuicio peticionado. Sin embargo, cónsono a la solicitud de la parte apelada, le impuso honorarios de abogado a la apelante, por la suma de $3,000.00 dólares, a favor de la parte apelada, a ser distribuidos en partes iguales.

Según reseñamos en nuestra previa exposición doctrinal, cuando el tribunal autoriza al demandante a desistir del pleito, puede hacerlo bajo los términos y condiciones que estime procedentes, como es la imposición de honorarios de abogado.[62] Por consiguiente, el foro apelado tenía la facultad de imponerle

---

[62] 32 LPRA Ap. V, R. 39.1 (b); *Ramos Báez v. Bossolo López*, supra, a la pág. 571.

honorarios de abogado a la apelante, cuando concedió su solicitud de desistir al pleito. Por otra parte, precisa señalar que nuestro Tribunal Supremo ha razonado que, aunque la sentencia esté ausente de una conclusión expresa de que la parte fue temeraria, ello implica que el foro primario realizó una determinación de temeridad,[63] por lo que el hecho de que el tribunal de instancia se limitó a condenar a la apelante al pago de honorarios, y no fundamentó su determinación, no necesariamente implica error o un abuso de discreción. En el presente caso, es de ver que el foro *a quo* no fundamentó su determinación, empero, impuso los honorarios de abogado. De ahí y para ejercer de forma responsable nuestra función revisora, le ordenamos al foro de instancia a que, al amparo de la Regla 83.1 del Reglamento de este Tribunal,[64] fundamentara su determinación. Luego de revisar el cumplimiento del foro apelado, hemos llegado a la conclusión de que no nos convencen los fundamentos del juzgador de instancia para justificar los honorarios impuestos a la apelante. Nos explicamos.

Conforme esgrimimos previamente, la temeridad ha sido definida como la conducta que hace que se prolongue innecesariamente un pleito, es decir, terquedad, obstinación, contumacia e insistencia.[65] Un minucioso estudio del expediente ante nos, así como del Sistema Unificado de Manejo y Administración de Casos (SUMAC), nos lleva forzosamente a concluir que esta conducta no fue desplegada por la apelante ante el foro primario. De la relación de hechos ante esbozada, surge que luego de que el tribunal de instancia denegara la *Moción en solicitud de paralización de los procesos* presentada por la apelante, así como

---

[63] *Rivera v. Tiendas Pitusa, Inc.*, supra, a la pág. 702; *Montañez Cruz v. Metropolitan Cons. Corp.*, supra, a la pág. 40.
[64] 4 LPRA Ap. XXII-B, R. 83.
[65] *Andamios de P.R. v. Newport Bonding*, supra, a la pág. 520, citando a *Fernández v. San Juan Cement Co., Inc.*, supra, a la pág. 718.

la reconsideración, el próximo incidente procesal que surge de los autos es que, el 20 de septiembre de 2024, la apelante presentó la *Moción de desistimiento sin perjuicio.* Es decir, la denegatoria a la reconsideración relacionada a la solicitud de paralización fue notificada el 3 de septiembre de 2024, y, el 20 del mismo mes y año, la apelante incoo el desistimiento. A esos efectos, coincidimos con la parte apelante en que esta fue diligente al desistir oportunamente del pleito. Por tanto, aunque reconocemos que la determinación de temeridad es una facultad discrecional del juzgador de instancia,[66] resolvemos que el foro de instancia se excedió en su discreción al determinar imponer honorarios de abogado. En consecuencia, nos resulta forzoso modificar *Sentencia* apelada, a los fines de dejar sin efecto la imposición de honorarios, a favor de la parte apelada.

IV

Por los fundamentos que anteceden, se *modifica* la *Sentencia* apelada para dejar sin efecto la imposición de honorarios de abogado de $3,000.00 dólares a favor de la parte apelada y, así modificada, se *confirma,* a los fines de que prevalezca el desistimiento sin perjuicio concedido a favor de la apelante.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[66] S.*L.G. Flores–Jiménez v. Colberg*, supra, a la pág. 866; *Colón Santos v. Coop. Seg. Mult. P.R.,* supra, a la pág. 188.